UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                              Case No. 15-20652

vs.

                                              HON. GEORGE CARAM STEEH

BILLY ARNOLD, et al,

        Defendants.
_____/

ORDER GRANTING GOVERNMENT'S MOTION
REQUESTING AN ORDER OVERRULING DEFENDANTS'
OBJECTION TO EXCLUDABLE DELAY AND MAKING
<u>CERTAIN FINDINGS UNDER THE SPEEDY TRIAL ACT [DOC. 419]</u>

      This matter is before the court on the government's motion requesting an order overruling defendants' objection to excludable delay and making certain findings under the Speedy Trial Act. A federal grand jury returned a Fourth Superseding Indictment on December 15, 2016 charging nineteen defendants with thirty-six counts. Six of the defendants, Billy Arnold, Corey Bailey, Robert Brown, Arlandis Shy, Matleah Scott and Keithon Porter, are currently charged in death-eligible counts. The parties are following the death penalty protocol in determining whether the United States will be seeking the death penalty in this case. The court reconfirmed its belief at the status conferences held on December 8, 2016

- 1 -

that additional time is needed pretrial in order for the parties to assess both aggravating and mitigating factors that will influence this determination. In addition, due to the nature of the charges and the abundance of evidence involved, the court has designated the case as complex pursuant to § 3161(h)(7)(B)(ii), which tolls the Speedy Trial Clock. (Doc. 202).

The matter is before the court on the government's request to exclude 120 days from the Speedy Trial Clock calculation in order to complete discovery, allow defense counsel time to review discovery and to formulate motions, and to work through the death penalty protocol for the defendants facing death eligible charges. Defendant Shy filed an objection to the government's request, which was joined in by defendants Graham, Gooch and Patterson. According to the government's motion, defendant Rogers also objects to the requested exclusion from the Speedy Trial Clock. The motion also identifies those defendants who concur in the exclusion requested: Arthur, Fisher, Bailey, Brown, Kennedy, Owens, Adams, Lovejoy, Fitzpatrick, Robinson, Hendrix and Scott. The position of defendant Arnold and newly indicted defendant Porter is not known.

18 U.S.C. §3161(h)(7)(A) provides that a court may set a trial date outside the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy trial. When granting such a continuance, a court may consider a number of factors including whether failure to grant a continuance would result in a miscarriage of justice or whether the case is so unusual or complex, due to the number of defendants, or the nature of the prosecution, that it would be unreasonable to expect adequate preparation for pretrial proceedings or for trial itself. 18 U.S.C. §3161(h)(7)(B). Where multiple defendants are charged together and no severance has been granted, one speedy trial clock governs. 18 U.S.C. §3161(h)(6). Thus, "the excludable delay of one defendant is ascribed to that of all of his codefendants." *United States v. Cope*, 312 F.3d 757, 776-77 (6th Cir. 2002) (citation omitted).

With the Fourth Superseding Indictment filed on December 15, 2016, the Speedy Trial clock reset as to all defendants and a new clock now governs. *See* 18 U.S.C. §3161(h)(6). For reasons explained on the record at the December 8, 2016 status conferences, the court continues to designate the case as complex. The court finds based on the nature of the case, the size and period of the conspiracy alleged, the volume of discovery, the number of death eligible defendants and the total number of defendants charged, this case is complex and therefore that the 120 days

between December 15, 2016 and April 13, 2017 are excludable under the Speedy Trial Act.

IT IS SO ORDERED.

Dated: January 19, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 19, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---