UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 15-20652

vs.

HON. GEORGE CARAM STEEH

BILLY ARNOLD, et al.,

        Defendants.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
EMERGENCY MOTION FOR RECONSIDERATION OF ORDER
DENYING GOVERNMENT'S MOTION TO CONTINUE TRIAL [DOC. 1019]

This matter is before the court on the government's motion for reconsideration of the court's order denying a 30-day continuance of the trial. The government now requests a 90-day continuance of the trial which is currently scheduled to begin on June 5, 2018. Citing to factors in 18 U.S.C. § 3161(h)(7), the government argues that the ends of justice served by such a continuance outweigh the best interest of the public and the defendants in a speedy trial.

While the lead prosecutor's abrupt departure announced two weeks before trial is to begin[1] is certainly disruptive, he was not the sole

---

[1] Mr. Graveline notified his office of his departure on May 22, 2018 but is not leaving the office until June 1, 2018.

government attorney on this case. Julie Finocchiaro has been assigned to this case since July 28, 2017 and actively participated as second chair in the trial of four of the co-defendants which took place earlier this year. In addition, while he did not participate in court during the first trial, a second Assistant United States Attorney, Justin Wechsler, has been assigned to this case since August 15, 2017. Mr. Wechsler's appearance for the government on pre-trial motions associated with the current trial indicates that he has been actively involved in the preparation for the upcoming trial.

This case is complex and the trial covers the alleged crimes of six defendants over a lengthy period of time. Fortunately, there is an experienced and capable case agent assisting the prosecution. FBI Special Agent Vincente Ruiz has been involved since the very beginning of the investigation into the Seven Mile Bloods and he has assisted the government in investigating and developing their case. Agent Ruiz was a key witness in the first trial and was in the courtroom for almost the entire trial. He is a valuable asset available to assist the prosecution with the voluminous evidence and large number of witnesses in this case.

In addition to the human resources just outlined, a full transcript of the first trial was prepared. This transcript will help with the preparation for any of the witnesses that testified in the first trial, of which there were

approximately 100.  The court recognizes that the upcoming trial differs from the previous trial with regard to the types and significance of the racketeering activity, but having the transcript is a valuable resource that is typically not available.

In a trial of the expected length of this one, the court recognizes that lawyers need time to work on the case even as the trial is underway.  For that reason, the court set a trial schedule of 9:00 a.m. until 1:00 p.m. each day. In addition, the court has scheduled two weeks off from the trial schedule:  July 2-6 and August 6-10.  This schedule will allow both sides to continue their trial preparation throughout the trial.

This trial date was scheduled on September 26, 2017.  There are eight defense lawyers who have completely blocked off months of their schedules to be available.  To delay the trial as requested by the government would likely require a much longer delay in order to reconcile scheduling conflicts among all of the lawyers.  The court would also be precluded from commencing the next trial planned for October of this year.

Four of the defendants who are on trial have been incarcerated pending trial for over two years and another defendant has been incarcerated for one and a half years.  Since the trial date was established they have vehemently expressed their desire to go to trial on that date and

have fought any suggestion of an adjournment.  This differentiates this case from *United States v. Robey*, 831 F.3d 857, 863 (7th Cir. 2016), where the defendant was granted ten "ends-of-justice" continuances but opposed the one continuance granted to the government so its newly appointed counsel could prepare for trial after the lead counsel became unavailable.

Another important factor in the calculus of the trial is the jury.  The court called 165 prospective jurors in to fill out juror questionnaires prepared by counsel.  Ultimately, 159 prospective jurors completed the questionnaires and are prepared to come to court on June 5.  These jurors have been told about the trial schedule and length and to begin the process over again would be at a tremendous cost of the court's resources.

The court finds no palpable defect by which it was misled in denying the government's previously requested continuance such that reconsideration must be granted under Local Rule 7.1(h).  In addition to the shortened days and two week-long breaks in the trial schedule outlined above, the court will provide another break for counsel to continue their trial preparations between voir dire and opening arguments.  Voir dire will commence on June 5 as originally scheduled.  Following jury selection, the

- 5 -

court will break until June 18, on which date it will empanel the jury and the trial will begin.

It is so ordered.

Dated: May 24, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 24, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk